**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Jerome Choice (51976424), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 0060 |
| v. | ) | |
| | ) | Hon. Marvin E. Aspen |
| Brij Mohan, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's application for leave to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff is directed to either (1) submit a renewed application that is certified by a trust fund officer and that includes a copy of Plaintiff's prison trust fund statement showing activity in his account for the six months immediately preceding his filing of his complaint; or (2) pay the full statutory filing fee of $402.00. Failure to comply with this order by March 15, will result in summary dismissal of this case. The Clerk of Court is directed to send Plaintiff a blank application to proceed *in forma pauperis* (prisoner version) and a copy of this order.

**STATEMENT**

Plaintiff Jerome Choice, an inmate at Metropolitan Correctional Center, brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that a nurse practitioner at the MCC accidentally dislodged a pin in his hand from a recent surgery, and then decided to remove it completely, causing him to need another surgery.

Plaintiff seeks to file his complaint *in forma pauperis*; however, his application is incomplete and is therefore denied without prejudice. The Prison Litigation Reform Act requires all prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). If the prisoner is not able to

prepay the fee, he may apply to proceed *in forma pauperis* to pay the fee with monthly deductions from his trust fund account. A prisoner seeking leave to proceed *in forma pauperis* must obtain a certificate from an authorized official stating the amount of money the prisoner has on deposit in his or her trust fund account. The prisoner also must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Here, Plaintiff's application is incomplete because it does not include a copy of his trust fund statement for the six months preceding the filing of this lawsuit, or from approximately June 27, 2020 through Dec. 20, 2020. The attached "Inmate Inquiry" form reflects only a summary of Plaintiff's balances, deposits, and withdraws. (*See* Dkt. No. 3 at pgs. 5-7.)

The trust fund certification suggests Plaintiff has the means to pre-pay the $402.00 filing fee, as it states that Plaintiff had $888.22 on hand at the time of filing this lawsuit. (*See* Dkt. No. 3 at pg. 4.) The certification also states that Plaintiff had average monthly deposits of $ 742.20, although the "Inmate Inquiry" form indicates that this figure may be his total amount of deposits in the prior six months. (*See id.* at pgs. 4, 6.) Even so, if Plaintiff has more than $888 on hand, he likely has the means to pre-pay the filing fee. As the Seventh Circuit has observed, inmates "have fewer demands on their income because prisons provide them with food, clothing, shelter, and medical care." *Maboneza v. Kincaid*, 798 F. App'x. 19, 21-22 (7th Cir. 2020) (affirming denial of *in forma pauperis* status to inmate who received an average of $200 per month). Nonetheless, the Court will not determine Plaintiff's ability to pay until he files a properly completed application.

In so doing, Plaintiff should be mindful that he must disclose all income of more than $200 received in the last 12 months from any source, including gifts to his trust fund account. Plaintiff answered "no" to all such questions on his current application (*see* Dkt. No. 3 at pg. 2), and the significant balance in his trust fund account indicates these answers may not be correct. Plaintiff is warned that intentional misrepresentations on *in forma pauperis* applications warrant dismissal. *See Maboneza*, 798 F. App'x. at 21 (citing *Robertson v. French*, 949 F.3d 347, 352 (7th Cir. 2020)).

If Plaintiff wants to proceed with this lawsuit, he must submit a completed application for leave to proceed *in forma pauperis* including a copy of his trust fund statement showing activity in his account for the six months immediately preceding the filing of his complaint.

Alternatively, he may pay the full statutory filing fee of $402.00. Payment should be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify Plaintiff's name and the case number assigned to this case. Plaintiff's failure to comply with this order by the above stated date will result in summary dismissal of this action.

The Clerk of Court is directed to send Plaintiff a blank application to proceed *in forma pauperis* (prisoner version) and a copy of this order.

_____
Honorable Marvin E. Aspen
United States District Judge

Date: January 29, 2021